UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:06-CR-0029-JMS-CMM |
| ) | |
| DALE SCHOFFSTALL, ) | |
| ) | |
| Defendant. ) | |

## **REPORT AND RECOMMENDATION**

The Court convened a hearing on January 17, 2018, on the Petitions for Summons for Offender Under Supervision filed on December 21, 2017 [Doc. 15] and January 10, 2018 [Doc. 20]. Defendant, Dale Schoffstall, appeared in person with his CJA appointed counsel, Michael Wright. The government appeared by Tiffany Preston, on behalf of, Steven DeBrota, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Jennifer Considine.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Schoffstall of his rights and provided him with a copy of the petitions. A preliminary hearing was held. The Court finds that the Government has proved probable cause that defendant Schoffstall did violate the terms of supervised release.

2. After being placed under oath, Defendant Schoffstall admitted violation(s) 1-3 contained in the two Petitions for Summons for Offender Under Supervision. [Docket Nos. 15 and 20.]

3. The allegations to which Defendant admitted, as fully set forth in the petitions, are:

| Violation Number | Nature of Noncompliance |
|---|---|

**December 21, 2017**

1   **"The defendant shall not possess any pornography, erotica, or nude images. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer."**

On June 22, 2017, probation officers searched Mr. Schoffstall's residence in Terre Haute, Indiana, and located and seized USB storage devices, a laptop computer, and three cellular telephones. A forensic review of the seized items revealed over 10,000 images of adult pornography.

On December 19, 2017, a second search was performed of residence in Terre Haute. During the course of the search, this officer found a receipt for an electronic tablet that the offender purchased on October 25, 2017. When confronted about the tablet, the offender indicated he had downloaded pornographic images to the device.

2   **"The defendant shall not possess/use a computer unless he agrees to comply with the Computer Restriction and Monitoring Program at the direction of the probation officer. Monitoring will occur at a random or regular basis. The defendant shall advise the probation officer of all computers available to him for use. Any computer or Internet-enabled device the defendant is found to have used and not disclosed shall be considered contraband and may be confiscated by the probation officer. The defendant shall warn other occupants of the existence of the monitoring software placed on his computer."**

On June 22, 2017, a search was performed of Mr. Schoffstall's residence. During that search, several Internet-enabled devices were recovered from the residence that had not been previously

disclosed to the probation officer. Additionally on December 19, 2017, a second search was performed of Mr. Schoffstall's residence and a receipt for Samsung Internet-enabled tablet was located. Mr. Schoffstall admitted to purchasing the tablet without disclosing it to the probation officer.

**January 10, 2018**

3   **"The defendant shall participate in a program for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The Court Authorizes the release of a copy of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer"**

On January 3, 2018, this officer was informed by Mr. Schoffstall's sex offender treatment provider, Ron Smith, that he had been discharged from treatment due to lack of investment in therapy and poor attendance.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade **C** violation.

    (b) Defendant's criminal history category is **I**.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **3** to **9** months' imprisonment.

5. Government recommended that supervised release be revoked and defendant be imprisoned for 3 - 6 months.

    Defendant recommended that defendant be placed at a work-release facility.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of six months with resumption of lifetime supervised release to follow.

The Magistrate Judge makes the following additional observations for the benefit of the District Judge:

These offenses represent the <u>second</u> instance of supervised release violation. On February 13, 2014, the Court revoked supervised release and re-sentenced the Defendant to six months in prison with resumption of lifetime supervised release. Given the prior violations—which the Government and Defendant concur were substantially similar to the violations cited here—the Magistrate Judge saw no basis to impose a lesser sentence. The Magistrate Judge took special note of the Defendant's lamentable and unwise decision to abandon group therapy for sexual disorders as this case was returning to Court. Such an action betrayed not only poor judgment but also a failure to appreciate his limitations in dealing with these issues alone. The Magistrate Judge emphasized the importance of returning to therapy upon completion of the sentence.

The Defendant was released at the conclusion of the hearing subject to all of the terms of supervised release pending the District Judge's action on this Report and Recommendation. The District Judge would identify a self-surrender date if this Report and Recommendation is approved.

The parties were advised that the District Judge may reconsider any matter assigned to a Magistrate Judge and is not bound to accept the Report and Recommendation.

The parties have 14 days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated: January 18, 2018

_____
CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office
United States Marshal Service