UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　Plaintiff, )<br>　　　　　　　　　　　　　　 )<br>　　vs. )<br>　　　　　　　　　　　　　　 )<br>DALE SCHOFFSTALL, )<br>　　　　Defendant ) | 2:06-cr-00029-JMS-CMM-1 |

## REPORT AND RECOMMENDATION

On March 21, 2023, the Court held an initial hearing on the supplemental Petitions [Dkt. 51 and 56] and a final hearing on the Petition for Warrant/Violation for Offender Under Supervision filed on January 31, 2023 [Dkt. 39], Supplemental Petition filed February 6, 2023, [Dkt. 51] and Second Supplement Petition filed March 17, 2023, [Dkt. 56]. Dale Schoffstall ("Defendant") appeared with FCD counsel, William Dazey. The Government appeared by Todd Schellenbarger, Assistant United States Attorney. U. S. Probation appeared by Officer Jennifer Considine.

The Court previously conducted an initial appearance on the initial Petition on February 2, 2023, Docket No. [44].

The parties advised the Court at the outset of the hearing that a proposed agreement was reached by which the defendant would admit Violation Numbers 2 of Petition [Dkt. 39], Violation 3 of Petition [Dkt. 51] and Violation 5 of [Dkt. 56]. The parties also concurred that the Defendant should be sentenced to a term of imprisonment of the maximum allowed under statutory guidelines, i.e., 24 months.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

1. The Court previously had advised Defendant of his rights and provided him with a copy of the petition during the February 2, 2023, appearance. Defendant waived his right to a preliminary hearing at that time and the Court found probable cause to proceed on the Petition.

2. The defendant was advised on February 6, 2023, and March 21, 2023, that this matter had been referred by the District Judge and that the District Judge has final authority whether to accept, reject, or modify the recommendation.

3. After being placed under oath, Defendant advised that he consented to the proposed agreement, had sufficient opportunity to consult with counsel, and was satisfied with his representation. Defendant admitted Violations No. 2, 3, and 5. Docket No. [39, 51 and 56].

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

**VIOLATION**
**NUMBER**   **NATURE OF NONCOMPLIANCE**

2.   " You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment."

On December 28, 2022, the probation office conducted a search at Mr. Schoffstall's residence in Terre Haute, Indiana. The search produced a Scan Disc storage device, a laptop computer, two computer tablets and five cellular telephones. All items were

       unauthorized and undisclosed, and were seized for forensic analysis. The above referenced analysis indicates items seized had images depicting younger teenagers engaging in sexual acts or poses stored on them.

3. " You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment."

       On February 1, 2023, Mr. Schoffstall was arrested by the U.S. Marshals on a supervised release violation warrant. At the time of his arrest, Mr. Schoffstall was found in possession of an unauthorized electronic device which was seized.

5. " You shall notify the probation officer within 72 hours of being arrested, or questioned by a law enforcement officer."

       According to the aforementioned probable cause affidavit, on August 18, 2022, Mr. Schoffstall was questioned by law enforcement about the conduct in the above-referenced allegation and did not report this correspondence with law enforcement to his officer.

Violations 1 and 4 are withdrawn at the request of the Government.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade **B** violation.

    (b) Defendant's criminal history category is **I**.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **3-9** months imprisonment.

5. The Magistrate Judge, having considered the factors in 18 U.S.C. §3553(a), and as more fully set forth on the record, finds that:

3

    (a)    The Defendant violated the supervised release conditions as alleged in Violation #2, #3, and #5;

    (b)    Consistent with the parties' agreement, the Magistrate Judge recommends that the defendant be sentenced to the custody of the U.S. Bureau of Prisons for a period of 24 months with lifetime supervised release to follow (lifetime supervised release was part of the Court's original sentence);

    (c)    Given the serious nature of the violations admitted and the multiple infractions while on supervised release, the maximum sentence available under the sentencing guidelines is appropriate (as both parties concurred and noted, along with the Court, that a prior six-month sentence for a supervised release violation in 2018 had not resulted in subsequent compliance, especially with respect to the use of electronic devices undisclosed to probation officers);

    (d)    That the agreement of the parties is an appropriate resolution of this matter and the agreement is commended to the favorable consideration of the District Judge with the Magistrate Judge's recommendation for sentencing.

Defendant shall remain in custody pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the 14-day objection period to file objections for the consideration of the District Judge.

Dated: March 21, 2023

_____
CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:
All ECF-registered counsel of record via email generated by the court's ECF system